**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**MICHAEL GILLAM**                                                                                          **CIVIL ACTION**

**VERSUS**

**EAST BATON ROUGE DISTRICT ATTORNEY**                                **NO. 09-1013-JJB-DLD**
**HILLAR C. MOORE, III, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 2, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MICHAEL GILLAM**                                                                                      **CIVIL ACTION**

**VERSUS**

**EAST BATON ROUGE DISTRICT ATTORNEY**                              **NO. 09-1013-JJB-DLD**
**HILLAR C. MOORE, III, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at the Orleans Parish Prison, New Orleans, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against East Baton Rouge Parish District Attorney Hillar C. Moore, III, East Baton Rouge Parish Sheriff Sid J. Gautreaux, III, and the Louisiana Public Defender Board, complaining that the defendants violated his constitutional rights through his wrongful detention in the East Baton Rouge Parish Jail in 2007 and 2008.

Pursuant to 28, U.S.C. § 1915(e), the Court is authorized to dismiss an action brought in forma pauperis if the Court determines that the claim asserted therein is frivolous, malicious, or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An action or claim is properly dismissed as frivolous if it lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). In addition, a § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Cf., Green v. McKaskle, supra.

In his Complaint, the plaintiff alleges that he was arrested in September, 2007, on charges of first degree murder and was detained in the East Baton Rouge Parish Jail. He complains that he remained in such confinement until October of 2008, "without being brought to court", that his case was "passed through different courtrooms", and that "there was no indictment by a grand jury." Finally, after being confined for more than a year, the plaintiff filed a motion pursuant to Louisiana

Code of Criminal Procedure Article 701, which provides for the release of a pretrial criminal detainee if he has not been arraigned or brought to trial within certain time limits, and he was thereafter released.  Notwithstanding, he was re-arrested in April, 2009, on the same offense, but the charge levied against him was lowered to second degree murder.  He asserts that his constitutional rights were violated by his wrongful imprisonment, and he prays for monetary compensation resulting from the defendants' alleged wrongful conduct.

The plaintiff's claim that he was wrongfully confined between September, 2007 and October, 2008 is not properly before the Court.  Inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period for such claims.  Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989).  In Louisiana, the applicable period of limitations is one year.  La. Civ. Code Art. 3492.  Further, under federal law, a cause of action under 42 U.S.C. § 1983 accrues when the plaintiff knows of or has reason to know of the injury which forms the basis for his action.  Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993); Lavellee v. Listi, 611 F.2d 1129, 1131 (5th Cir. 1980).

In the instant case, the plaintiff knew of or should have known of the basis for his claims at such time as he filed a motion for release from confinement and was in fact released on that basis.  See Broussard v. Foti, 2000 WL 1842992 (E.D. La. Dec. 13, 2000)(holding that a plaintiff's illegal detention claim was time-barred where he filed suit more than a year after his release and, at the time he was released, "he had knowledge of his injury and of facts suggesting that his release was delayed improperly").  It is clear, therefore, that the plaintiff's Complaint, filed in this Court more than a year after his release, is barred by the applicable one-year statute of limitations.

In the alternative, upon a substantive review of the plaintiff's claims, it appears that the claims fail to rise to the level of a constitutional violation.  Initially, his claim for monetary damages asserted against District Attorney Hillar Moore is barred by the doctrine of absolute prosecutorial immunity.  A district attorney is absolutely immune in a civil rights lawsuit for any action taken pursuant to his role as a prosecutor in preparing for the initiation of judicial proceedings or in presenting the State's case

before the court.  See Kalina v. Fletcher, 522 U.S. 118, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); Esteves v. Brock, 106 F.3d 674 (5th Cir.), cert. denied, 522 U.S. 828, 118 S.Ct. 91, 139 L.Ed2d 47 (1997).  The courts employ a "functional" test to determine whether a prosecutor is entitled to absolute immunity, pursuant to which the courts look to the "nature of the function performed".  Buckley v. Fitzsimmons, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993).  A prosecutor's immunity applies to his actions in initiating prosecution, in carrying the case through the judicial process, and to those actions which are "intimately associated with the judicial phase of the criminal process."  Esteves v. Brock, supra, quoting Imbler v. Pachtman, supra.  "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  Labry v. Mamoulides, 248 F.3d 1142 (5th Cir. 2001), quoting Kerr v. Lyford, 171 F.3d 330 (5th Cir. 1999), abrogated on other grounds, Castellano v. Frazogo, 352 F.3d 330 (5th Cir. 2003), cert. denied, 543 U.S. 808, 125 S.Ct. 31, 160 L.Ed.2d 10 (2004).  In the instant case, the plaintiff's claim against the district attorney is based on the defendant's conduct as the advocate for the State of Louisiana, and the defendant is therefore entitled to absolute prosecutorial immunity.  See Imbler, supra; Cousin v. Small, 325 F.3d 627 (5th Cir. 2003), cert. denied, 540 U.S. 826, 124 S.Ct. 181, 157 L.Ed.2d 48 (2003). Accordingly, the plaintiff's claim against defendant Hillar Moore must be dismissed as legally frivolous because he seeks monetary damages against a defendant who is immune from such relief.  See Delaney v. Ackal, 2009 WL 5195935 (W.D. La., Oct. 10, 2009).

Further, with regard to the plaintiff's claim asserted against defendant Sheriff Gautreaux, this claim fares no better.  In order to prevail on a civil rights claim, a prisoner must show that he was deprived of rights, privileges, or immunities secured by the United States Constitution or laws.  The plaintiff does not assert in this case that he was initially wrongfully arrested, that there was no probable cause to arrest or hold him for the offense charged, or that such probable cause was not

otherwise determined by a magistrate or judge.[1]  Rather, his claim appears to be that he was held in confinement on pending criminal charges for more than a year without a grand jury indictment and without a trial.  What the plaintiff fails to recognize, however, is that it is not the Sheriff who is responsible for these matters.  Rather, article 701 of the Louisiana Code of Criminal Procedure places the onus on the district attorney to show cause if an indictment has not been filed within 120 days after arrest of a defendant who is held on felony charges for which the punishment may be death or life imprisonment.  Thereafter, upon the filing of the indictment, it is the district attorney who is responsible for scheduling an arraignment within 30 days, and to show cause if a trial is not held within 120 days after the filing of a motion for speedy trial by the defendant.  Clearly, the sheriff cannot be faulted for any violations of article 701 since, under Louisiana law, he is not responsible for scheduling the indictment, arraignment or trial.  Accordingly, there is no perceived basis for the imposition of liability against this defendant.  See Delaney v. Ackal, supra.

Finally, although the plaintiff includes no factual allegations against the Louisiana Public Defender Board, this is an entity not subject to suit in federal court.  Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from any lawsuit seeking monetary damages brought in federal court by her own citizens as well as by citizens of another state. Edelman v. Jordan, 415 U.S. 651, at 659, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).  Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under color of state law.  See, Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); Edelman v. Jordan, supra.  Thus, absent consent or waiver by the state, not here present, the State of Louisiana is immune from suit in this action.  This shield of immunity extends to the Louisiana Public Defender Board as an arm or agency of the state.  Cf., Anderson v. Phelps,

---

[1] Of course, if the plaintiff was arrested on a warrant, then this presupposes that a finding of probable cause was made in the first instance on the part of the judge or magistrate who issued the warrant.  See State v. Hughart, 801 So.2d 388 (La. App. 2d Cir. 2000).

655 F.Supp. 560 (M.D. La. 1985).  Therefore, the plaintiff's claim against the Louisiana Public Defender Board is barred by the Eleventh Amendment.

Further, to the extent that the plaintiff may be complaining of the actions of a particular attorney employed by the Public Defender Board, and complaining that the attorney failed to ensure that the plaintiff's rights under state law have not protected or adhered to, this claim fails to assert that the attorney acted "under color of state law", which is a prerequisite for asserting a claim under § 1983.  Private attorneys, whether retained or appointed in any proceeding, are not state actors because they owe their duty only to their clients and not to the public or to the State.  <u>Polk County v. Dodson</u>, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).  Thus, this claim is not cognizable under § 1983 because no state action is involved and because § 1983 does not operate as a vehicle for prosecuting legal malpractice claims against retained or appointed attorneys.  <u>See</u> <u>O'Brien v. Colbath</u>, 465 F.2d 358 (5th Cir. 1972); <u>Ellison v. De La Rosa</u>, 685 F.2d 959 (5th Cir. 1982); <u>United States v. Zibilich</u>, 542 F.2d 259 (5th Cir. 1976).  Accordingly, there is no legal basis for the plaintiff's claim in this regard.

RECOMMENDATION

It is recommended that the plaintiff's action be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915.[2]

Signed in Baton Rouge, Louisiana, on June 2, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[2] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Case 3:09-cv-01013-JJB-DLD   Document 10    06/02/10   Page 7 of 7